```
                  UNITED STATES DISTRICT COURT
                      DISTRICT OF VERMONT
```

| | |
|---|---|
| PATHFINDERS MOTORCYCLE CLUB, Individually and WILLIAM DIFRANCESCO, on behalf of himself and all others similarly situated | : : : : : |
| v. | : : : CIVIL NO. 1:05CV330 |
| SHEILA A. PRUE, WINDHAM COUNTY SHERIFF'S DEPARTMENT, SHERWOOD LAKE, RONALD LAKE, LADD WILBUR, DANA SHEPARD, HARRY CULP, MARK GARWIN, JOE DOE, TOWN OF JAMAICA, TOWN OF JAMAICA SELECT BOARD, BEN WILLIAMS, BRUCE CHAPIN, JOEL BECKWITH, JOE GRANNIS DAVID HAMILTON | : : : : : : : : : : |

### RULING ON MOTION FOR DETERMINATION THAT ACTION IS MAINTAINABLE AS A CLASS ACTION
(Paper 10)

The plaintiffs have filed this action pursuant to 42 U.S.C. § 1983, alleging, inter alia, the defendants violated their civil rights when they prohibited them from holding a motorcycle event scheduled to take place in part on Class 4 public roads and trails going through the Town of Jamaica.  According to the Class Action Complaint (Paper 1) at para. 7, the putative class is "members who registered for and intended to participate in the 2004 Red Fox Turkey Run, but were prevented from doing so by the unlawful actions of the defendants."  The plaintiffs "fix the number of class members at or about 300."  Pl.'s Mem. In Support (Paper 11) at 5.

The plaintiffs have moved for class certification pursuant to Rules 23(a) and 23(b)(1)(A) of the Federal Rules of Civil Procedure.  See Complaint at para. 77.  For the reasons set forth below, the motion is DENIED.

"The party seeking to certify a class bears the burden of demonstrating numerosity, commonality, typicality, and adequacy." Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 291 (2d Cir. 1999); accord Marisol A. v. Giuliani, 126 F.3d 372, 376-77 (2d Cir. 1997).  Under Rule 23(a),

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to all the prerequisites of Rule 23(a), a proposed class must meet one of the additional requirements set forth in Rule 23(b).  The plaintiffs rely on Rule 23(b)(1)(A), which states:

> An action may be maintained as a class action. . . [if] the prosecution of separate actions by or against individual members of the class would create a risk of . . . inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. . . .

## Numerosity

With an identified group of 300 registrants, this proposed class is sufficiently numerous, and joinder would be impracticable.  See, e.g., Robidoux v. Celani, 987 F.2d 931, 935-36 (2d Cir. 1993) (noting that "[i]mpracticable does not mean impossible" and that "as few as 40 class members" raises presumption of numerosity).

## Commonality and Typicality

Courts have noted that "commonality" and "typicality" "tend to merge because both serve as guideposts for determining whether . . . the named plaintiff's claim and the class claims are so inter-related that the interests of the class members will be fairly and adequately protected in their absence." Caridad, 191 F.3d at 291 (citations and quotations omitted).  The inquiry here "does not require that the factual background of each named plaintiff's claim be identical to that of all class members; rather, it requires that the disputed issue of fact or law occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class."  Id. at 293 (citation and quotations omitted).

Therefore, "[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns

3

underlying individual claims." Robidoux, 987 F.2d at 936-37. Here, the plaintiffs allege the defendants' actions violated proposed class members' civil rights in the same general way: by prohibiting their ability lawfully use the Class 4 roads and trails in Jamaica, Vermont.  In addition, proposed class members all suffered similar damage, including primarily the loss of their registration fees.  Such allegations suggest a typicality and commonality which supports class certification.  See Marisol A., 126 F.3d at 377 (injuries derived "from a unitary course of conduct by a single system" may establish commonality and typicality).

### Representation

"Rule 23(a)(4) requires that plaintiffs demonstrate that class counsel is qualified, experienced, and generally able to conduct the litigation." Id. at 378 (citation and quotations omitted).  While the plaintiffs have addressed other requirements, they have not addressed the issue of whether proposed class counsel is qualified, competent or experienced enough to conduct this lawsuit on behalf of 300 other individuals.  The record contains no information suggesting plaintiffs' counsel is knowledgeable or experienced, either with civil rights litigation or class action practice.  Cf. Demarco v. Robertson Stephens, Inc., 228 F.R.D. 468, 471 (S.D.N.Y. 2005) ("Their attorneys are qualified, experienced, and able to conduct

4

complex securities litigation."); <u>Upper Valley Assoc. For Handicapped Citizens v. Mills</u>, 168 F.R.D. 167, 171-72 (D. Vt. 1996) ("plaintiffs' counsel has substantial experience representing children with disabilities in class action lawsuits").

Because the plaintiffs have failed to meet their burden of demonstrating each and every element of Rule 23(a), it is unnecessary to consider whether the plaintiffs have carried their additional burden under Fed. R. Civ. P. 23(b)(1)(A).

The request for class certification is DENIED.

SO ORDERED.

Dated at Brattleboro, Vermont, this 25th day of January, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge