```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT
```

PATHFINDERS MOTORCYCLE CLUB,           :
Individually and WILLIAM               :
DIFRANCESCO, on behalf of himself      :
and all others similarly situated,     :
            Plaintiffs                 :
                                       :
    v.                                 :
                                       : CIVIL NO. 1:05CV330
SHEILA A. PRUE, WINDHAM COUNTY         :
SHERIFF'S DEPARTMENT, SHERWOOD         :
LAKE, RONALD LAKE, LADD WILBUR,        :
DANA SHEPARD, HARRY CULP, MARK         :
GARWIN, JOE DOE, TOWN OF JAMAICA,      :
TOWN OF JAMAICA SELECT BOARD, BEN      :
WILLIAMS, BRUCE CHAPIN, JOEL           :
BECKWITH, JOE GRANNIS DAVID            :
HAMILTON,                              :
            Defendants                 :
_____:

RULING ON MOTION FOR RECONSIDERATION
(Paper 41)

On January 25, 2007, the Court first considered the plaintiff's request to certify this case a class action. See Ruling on Motion for Determination that Action is Maintainable as a Class Action (Paper 40). In that ruling, the Court found, while the plaintiffs have demonstrated the requirements of numerosity, commonality, and typicality, "they have not addressed the issue of whether proposed class counsel is qualified, competent or experienced enough to conduct this lawsuit on behalf of 300 other individuals." Paper 40 at 4. Because the plaintiffs failed to meet this burden under Fed. R. Civ. P.

1

23(a)(4), the Court declined to consider whether they met the additional requirements of Rule 23(b)(1)(A) and denied the request for class certification.  See Paper 40 at 5.

The plaintiffs have submitted additional documentation in support of this request for class certification and moved for reconsideration.  The Motion for Reconsideration (Paper 41) is GRANTED.  Upon reconsideration, the Request for Class Certification is GRANTED.

The plaintiffs have proposed Mr. William DiFrancesco as class representative.  To ascertain whether a proposed representative will adequately represent the class under Fed. R. Civ. P. 23(a)(4), he must generally "possess the same interest and suffer the same injury as the class members."  DeMarco v. Robertson Stephens Inc., 228 F.R.D. 468, 471, (S.D.N.Y. 2005) (citation and quotations omitted).  In this case, each class member alleges to have suffered the same harm as a result of the same conduct: the unlawful interference with their right to participate in a motorcycle event to take place on Class 4 public roads in the Town of Jamaica, Vermont.  As one of the registrants for the 2004 Turkey Run, Mr. DiFrancesco's alleged injuries typify those of the rest of the proposed class.  The Court can ascertain no "conflict of interest between the named plaintiff[] and other members of the plaintiff class."  Marisol A. v. Giuliani, 126 F.3d 372, 378 (2d Cir. 1997).

Rule 23(a)(4) also "requires that plaintiffs demonstrate that class counsel is qualified, experienced, and generally able to conduct the litigation." Marisol A., 126 F.3d at 378 (citation and quotations omitted). The plaintiffs have submitted the Affidavit of William S. Palmieri, Esq. See Paper 43. Attorney Palmieri is an experienced civil rights attorney who has handled numerous cases at the trial and appellate court levels. Based upon this additional information, the Court finds he is sufficiently experienced and qualified to serve as class counsel in this litigation.

Lastly, the plaintiffs have met the requirements of Fed. R. Civ. P. 23(b)(1)(A). Rule 23(b)(1)(A) provides a class action may proceed if "the prosecution of separate actions . . . would create a risk of . . . inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. . . ." The plaintiffs' allegations, if proven, suggest the defendants impinged on their right to utilize certain public roads. As a practical matter, that right would be shared by every proposed class member, thereby making certification appropriate. See 1966 Advisory Committee Note to Subdivision (b)(1)(A) ("Separate actions by individuals against a municipality to declare a bond issue invalid . . . might create a risk of inconsistent or varying determinations."); see also Moore

v. PaineWebber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002) (classwide issues predominate if each member's case can be resolved by "generalized proof").

Furthermore, the alleged financial harm each has suffered is relatively de minimus, consisting of the costs and fees associated with registering for and participating in the event. Failure to certify a class in this case would most likely discourage class members from seeking potential recovery because the cost of litigation would certainly outweigh potential monetary recovery. Cf. In re Livent, Inc. Noteholders Sec. Litig., 210 F.R.D. 512, 518 (S.D.N.Y. 2002) ("in the absence of class certification, not only would separate and scattered lawsuits be needlessly repetitive and inefficient . . . retail investors - would also be discouraged from even seeking legal relief as their potential recovery would be outweighed by the transaction costs of individual litigation").

The Motion for Reconsideration is GRANTED. Upon reconsideration, the following class is certified: Individuals who registered for and intended to participate in the 2004 Red Fox Turkey Run, but who were prevented from doing so by the actions of the defendants. The parties are instructed to submit jointly a proposed class notification and scheduling order which complies with Fed. R. Civ. P. 23(d).

SO ORDERED.

Dated at Brattleboro, Vermont, this 28th day of March, 2007.

>                    /s/ J. Garvan Murtha
>                    J. Garvan Murtha
>                    United States District Judge